UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Petitioner,<br><br>-v-<br><br>TIG INSURANCE COMPANY,<br><br>Respondent. | Case No. 1:21-cv-04365-PKC |

### PETITION TO CONFIRM INTERIM AND FINAL ARBITRATION AWARDS

Petitioner National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), by its undersigned attorneys, respectfully petitions this Court, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, for an Order: (i) confirming the interim award issued by the arbitration panel on October 16, 2020 in an arbitration proceeding between Petitioner National Union and Respondent TIG Insurance Company that finally resolved certain of the claims at issue in the arbitration (the "Interim Award"); (ii) confirming the final award issued by the arbitration panel on February 11, 2021 in the arbitration proceeding between National Union and TIG Insurance Company (the "Final Award"); (iii) directing that an Order and Judgment be entered in favor of National Union on the Interim and Final Awards; and (iv) granting such other and further relief as the Court may deem just and proper. In support thereof, National Union alleges as follows:

### THE PARTIES

1. National Union is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in New York, New York.

2. TIG Insurance Company is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Manchester, New Hampshire.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action based on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a). National Union and TIG are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims underlying the arbitration proceeding occurred in New York, New York. Venue is also properly based on 9 U.S.C. § 9 because the arbitration provision of the parties' reinsurance contract does not specify a venue and because the arbitration leading to the Interim and Final Awards for which confirmation is sought took place in New York, New York.

## CLAIM FOR RELIEF

5. National Union is a cedent[1], and TIG is a reinsurer under a reinsurance contract styled Excess Casualty Variable Quota Share Reinsurance Agreement (the "Reinsurance Contract"), a true and correct copy of which is attached hereto as Exhibit A. The Reinsurance Contract covers certain commercial liability and worker's compensation excess policies issued by National Union. The Reinsurance Contract incepted December 1, 1980 and terminated April 1, 1983.

---

[1] A cedent is an insurer who is "re-insured" by another insurer (a "re-insurer"), such that the cedent is indemnified for loss under insurance policies issued by the cedent to the public. *See, e.g.*, *Travelers Cas. & Sur. Co. v. Certain Underwriters at Lloyd's of London*, 96 N.Y.2d 583, 587 (2001) (internal quotation marks and citations omitted).

2

6. Under the Reinsurance Contract, TIG was required to pay National Union within 20 days for losses that National Union submitted. For a number of years, there has been a dispute between National Union and TIG regarding TIG's refusal to pay outstanding balances for certain losses. Specifically, National Union sought payment from TIG for approximately $2 million in losses that TIG had not paid for years from the following accounts: Kaiser Aluminum, Kentile Floors, Parker Hannifin, National Service Industries, Inc. ("NSI"), IC Industries, Christy Firebrick, and Brand Insulation.

7. The Reinsurance Contract contains an arbitration provision requiring binding arbitration of all disputes between National Union and TIG. Specifically, the arbitration clause provides:

> In the event of differences arising between the contracting parties with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether arising before or after termination of this Agreement, such differences shall be submitted to arbitration upon the written request of one of the contracting parties. Each party shall appoint an arbitrator within thirty days of being requested to do so, and the two named shall select a third arbitrator before entering upon the arbitration. . . . . The decision in writing of any two arbitrators, when filed with the contracting parties, shall be final and binding on both parties. Judgement upon the award rendered may be entered in any Court having jurisdiction thereof.

*See* Ex. A at Article XIII.

8. By letter dated May 1, 2019, National Union demanded arbitration against TIG, seeking recovery of all current outstanding billings submitted to the Reinsurance Contract for the Kaiser Aluminum, Kentile Floors, Parker Hannifin, Christy Firebrick, and Brand Insulation accounts, plus interest; specific enforcement of the reserve funding provision; and relief respecting expected future billings. A true and correct copy of National Union's arbitration demand is attached hereto as Exhibit B. National Union subsequently added claims related to the NSI and IC Industries accounts to the arbitration.

9. Pursuant to the arbitration provision in the Reinsurance Contract, three arbitrators were duly appointed (the "Panel").

10. On December 4, 2019, the Panel convened an Organizational Meeting, during which National Union and TIG accepted the Panel as duly constituted and properly formed.

11. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

12. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

13. On October 16, 2020, the Panel issued an Interim Award, a true and correct copy of which is attached hereto as Exhibit C. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

14. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

15. ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████

16. On February 11, 2021, the Panel issued the Final Award resolving the remainder of the parties' dispute, a true and correct copy of which is attached hereto as Exhibit D. ██

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

17. This Petition to Confirm is brought within one year after the Interim and Final Awards were rendered and is timely under 9 U.S.C. § 9.

18. National Union has not made a prior application to this Court, or any court, for the relief requested in this Petition.

19. Respondent has not moved to vacate, modify or correct the Interim or Final Award.

20. A copy of a proposed Order and Judgment is attached hereto as Exhibit E.

WHEREFORE, National Union respectfully requests that this Court (i) enter an Order pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 confirming the Interim and Final Awards; (ii) enter an Order and Judgment in favor of National Union and against Respondent on the Interim and Final Awards; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: May 10, 2021
New York, New York

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: _____

Bryce L. Friedman
Sarah E. Phillips
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Email: bfriedman@stblaw.com
         sarah.phillips@stblaw.com

*Attorneys for Petitioner National Union Fire Insurance Co. of Pittsburgh, PA*