UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　　　Petitioner,<br><br>　　　　-v-<br><br>TIG INSURANCE COMPANY,<br><br>　　　　　　　Respondent. | Case No. 1:21-cv-04365-PKC |

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM INTERIM AND FINAL ARBITRATION AWARDS

Petitioner National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") respectfully submits this Memorandum of Law in support of its Petition for an Order pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq*. (the "Petition") (i) confirming the interim award issued by the arbitration panel on October 16, 2020 in an arbitration proceeding between Petitioner National Union and Respondent TIG Insurance Company that finally resolved certain of the claims at issue in the arbitration (the "Interim Award"); (ii) confirming the final award issued by the arbitration panel on February 11, 2021 in the arbitration proceeding between National Union and TIG Insurance Company (the "Final Award"); (iii) directing that an Order and Judgment be entered in favor of National Union on the Interim and Final Awards; and (iv) granting such other and further relief as the Court may deem just and proper.

**BACKGROUND**

National Union is a cedent[1], and TIG Insurance Company ("TIG" or "Respondent") is a reinsurer under a reinsurance contract styled Excess Casualty Variable Quota Share Reinsurance Agreement (the "Reinsurance Contract"). *See* Petition Ex. A. The Reinsurance Contract reinsured certain liability arising from commercial liability and worker's compensation excess policies issued by National Union. Article XIII of the Reinsurance Contract contains an arbitration clause requiring binding arbitration of all disputes between National Union and TIG. *See* Petition Ex. A. The arbitration clause further provides that "[j]udgment upon [an arbitration] award rendered may be entered in any Court having jurisdiction thereof." *See id.*

A dispute arose between National Union and TIG regarding certain billings submitted to TIG for payment under the Reinsurance Contract, which TIG refused to pay to National Union. Pursuant to the Reinsurance Contract's arbitration clause, National Union demanded arbitration in May 2019, and the parties arbitrated the dispute before three duly-appointed arbitrators (the "Panel") beginning in December 2019. On October 16, 2020, the Panel issued an Interim Award that finally resolved certain of the claims in the arbitration, and on February 11, 2021, the Panel issued the Final Award resolving the remainder of the parties' dispute. The relevant facts regarding the arbitration proceedings and the Interim and Final Awards are set forth in the Petition. National Union now seeks to confirm the Interim Award and the Final Award pursuant to Section 9 of the FAA.

---

[1] A cedent is an insurer who is "re-insured" by another insurer (a "re-insurer"), such that the cedent is indemnified for loss under insurance policies issued by the cedent to the public. *See, e.g.*, *Travelers Cas. & Sur. Co. v. Certain Underwriters at Lloyd's of London*, 96 N.Y.2d 583, 587 (2001) (internal quotation marks and citations omitted).

## ARGUMENT

Section 9 of the FAA "broadly allows any party to petition for confirmation and, where the requirements are met, makes such confirmation mandatory." *Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15cv9440 (DLC), 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016). Under Section 9, where, as here, the parties have contractually agreed to arbitrate their disputes, a court "must" confirm an arbitration award rendered pursuant to that arbitration "unless the award is vacated, modified, or corrected[.]"[2] *See* 9 U.S.C. § 9; *see also Wells Fargo Advisors, LLC v. Soliman*, No. 15 Civ. 1139 (PAC) (GWG), 2015 WL 4619821, at *3 (S.D.N.Y. Aug. 4, 2015) ("A reviewing court is required to grant a petition to confirm an arbitration award unless the award is vacated, modified, or corrected. . . ." (internal citations and punctuation omitted)). Confirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *see also Dallas MTA, LP v. Celltex Cellular*, No. 06 Civ. 15412 (RLC), 2010 WL 908470, at *1 (S.D.N.Y. Mar. 10, 2010) ("Typically, under the FAA, confirmation of an award is a ministerial act.").

Courts also confirm interim awards pursuant to Section 9 of the FAA where the arbitration panel "intend[s] [the Interim Award] as a final disposition of at least some of the claims and counterclaims" at issue in the arbitration. *See Fluor Daniel Intercontinental, Inc. v. Gen. Elec. Co.*, No. 06 Civ. 3294 (GEL), 2007 WL 766290, at *2 (S.D.N.Y. Mar. 13, 2007); *see also Banco de Seguros del Estado v. Mut. Marine Offs., Inc.*, 230 F. Supp. 2d 362, 368 (S.D.N.Y. 2002) ("[A]n interim ruling is sufficiently final if it 'finally and definitely disposes of a separate

---

[2] The FAA applies to written arbitration agreements that concern interstate commerce. *See* 9 U.S.C. §§ 1-2. The Reinsurance Contract involves interstate commerce, as it is between parties from different states and involves the reinsurance of policies issued to companies domiciled in different states.

independent claim' even though 'it does not dispose of all the claims that were submitted to arbitration.'") (quoting *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir.1986)); *Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991) (same); *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (courts may confirm partial awards that resolve issues "definitively enough so that the rights and obligations of the two parties . . . do not stand in need of further adjudication.").

Here, all the statutory requirements for confirmation of the Interim and Final Awards under the FAA have been met. The Reinsurance Contract contains an arbitration provision that requires binding arbitration and provides for judgment upon any arbitration award rendered pursuant to the contract to be entered in any Court with jurisdiction. *See* Petition Ex. A. The Interim Award must be confirmed because it finally resolves certain claims at issue in the arbitration by ruling on whether those claims were properly ceded and billed to the Reinsurance Contract, and directing TIG to pay certain amounts in satisfaction of those claims. The Petition to Confirm Interim and Final Arbitration Awards has been brought within one year after the Interim and Final Awards were rendered, on October 16, 2020 and February 11, 2021, respectively. Respondent has not moved to vacate, modify or correct the Interim or Final Awards pursuant to Section 12 of the FAA. As such, the Petition must be granted, the Interim and Final Awards confirmed, and judgment entered thereon. *See* 9 U.S.C. §§ 9, 13.

**CONCLUSION**

For the reasons set forth above and in the Petition, National Union respectfully requests that this Court issue an Order pursuant to Section 9 of the Federal Arbitration Act (i) confirming the Interim Award; (ii) confirming the Final Award; (iii) directing that an Order and Judgment be entered in favor of National Union on the Interim and Final Awards; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: May 10, 2021
New York, New York

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: _____

Bryce L. Friedman
Sarah E. Phillips
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Email:  bfriedman@stblaw.com
            sarah.phillips@stblaw.com

*Attorneys for Petitioner National Union Fire Insurance Co. of Pittsburgh, PA*